By the Court.—Freedman, J.
Under section 18 of the act authorizing the formation of mining and other companies (Laws of 1848, p. 54 ; 2 Rev. Stat. 5 ed. p. 662, § 41), the plaintiff claimed to recover from the defendant as a stockholder a balance due him for services rendered between March, 1865, and July, 1867, to the New York and Galena Lead Mining Company as a servant, for which he had previously recovered a judgment against the corporation amounting to four thousand four hundred and twenty seven dollars and eighty cents.
As section 24 of the same act provides that no stockholder shall be personally liable for the payment of any debt contracted by the company, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against the company within one year -after the debt shall become due, and inasmuch as the proof, on the trial, showed that the suit against the company was commenced on the 30th of November, 1867, the learned judge who tried this case restricted the recovery of the plaintiff against the defendant to the last seven months’ services, which ended on the first day of July, 1867, and directed the jury, in case they should find certain facts, to render a verdict for *509 the plaintiff for one thousand four hundred dollars, with interest. The jury, notwithstanding they found the said facts in plaintiff’s favor, returned a verdict for eight hundred and forty-seven dollars only. But if any one can complain of the restriction imposed by the court and the unwarranted action of the jury, it is certainly not the defendant.
Defendant’s exceptions to the exclusion of evidence offered by him with a view to show that the company was organized for the benefit of a particular individual, do not require to be specially noticed, the said evidence being wholly irrelevant and immaterial.
The exception taken by the defendant to, that portion of the charge contained in the printed case is equally unavailable. One of the principal questions of fact litigated upon the trial was, whether plaintiff had been employed by Lestrade, the superintendent of the company, on his individual account, or for the company. The court, therefore, very properly charged that if the jury should find that Lestrade was the agent of the company, and as such authorized to employ the plaintiff to perform work and services for the company, it was their duty to render a verdict for the plaintiff. Under a general exception to this part, and in the absence of the whole charge, it must be presumed that the other questions in the case were properly submitted by the other portions of the charge which are not set forth. And although plaintiff’s counsel consented, on the argument of the appeal, that such part be taken and considered as the whole and only charge delivered, the defendant is nevertheless in no position to argue, under the exception taken by him, that certain other questions of fact involved in the case, which should have been submitted to the jury, were, by such charge, withdrawn from their consideration, for the reason that no request was made by such submission (Scroff v. Bauer, decided by this court April 1, 1871, and au *510 thorities there cited). In the absence of such a request, it seems to me, the learned judge below would have even been justified, as the evidence stood, and under the view which was taken of the law, to dispose of the entire case by directing absolutely a verdict in plaintiff s favor.
This brings up the main question of law involved in the case, which is presented chiefly by the exceptions of the defendant taken to the refusal of the court to charge certain requests, namely, whether plaintiff, in the performance of the services rendered, was or was not a servant within the true intent and meaning of section 18 of the statute referred to, which provides, that the stockholders of any company organized under the provisions of said act shall be jointly and severally individually liable for all debts that may be due and owing to all their laborers, servants and apprentices, for services performed for such corporation. The cases cited by defendant in opposition to plaintiff’s claim upon this point did not arise under the same, but under other and different statutes, for the passage of which entirely different reasons may have existed. They have all been considered and held inapplicable to a case of this kind. In Hovey v. Ten Broeck, (3 Robt. 316), it was decided by this court that the word “servant,” as used in the statute under consideration, cannot be confined to mere menial service: According to the testimony, plaintiff was ehrployed to do and did do everything he was told to do. He was a sort of engineer, a sort of head foreman; he showed the men how to work and yet worked with them; during the absence of the superintendent from the mines he was made to act as such; he sometimes kept the time of the men, and in fact did everything he was ordered to do and everything that was necessary and possible for him to do. He is, therefore, clearly entitled to the application of the rule laid down in Hovey v. Ten Broeck, *511 (sup.) unless, as. it is claimed, that case has been reversed, as an authority upon the point stated, by the decision of the court of appeals in Coffin v. Reynolds, (37 N. Y. 642). Upon examination it will be found, however, that such is not the fact. The latter case simply decides that the secretary of a company organized under the. act of 1848, being an officer thereof, and belonging as such to a class of agents specifically mentioned in other sections of the statute, does not come within the designation of laborer or servant as used in section 18. This distinction is a marked and material one, and not in conflict but in harmony with the views expressed by this court in Hovey v. Ten Broeck, (sup.). Williamson v. Wadsworth (49 Barb. 294), is another express authority, under the statute m question, in plaintiff’s favor.
The judgment and order appealed from must be severally affirmed, with costs.
Babbotjb, Ch. J., and Spenoek, J., concurred.